UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

United States of America,                                       Civil No. 05-598  RHK/AJB

                         Petitioner,

v.                                              **REPORT AND RECOMMENDATION**

Giuseppe Gallara,

                         Respondent.


       This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, for Report and Recommendation on respondent's pro se Motion for a Conditional Release from Confinement pursuant to Title 18 U.S.C. § 4247(h)  [Docket No. 13].  Respondent Giuseppe Gallara is an inmate at the Federal Medical Center at Rochester, MN.  Petitioner United States of America is represented by Mary L. Trippler, Assistant United States Attorney.  The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

       Respondent Gallara is incarcerated pursuant to conviction and sentence in Eastern District of Pennsylvania.  He was sentenced on April 23, 1997, to three terms of life imprisonment for RICO and racketeering-murder offenses.[1]  On March 21, 2005, the government filed a Petition to Determine Mental Condition of an Imprisoned Person pursuant to 18 U.S.C. § 4245, and hearing on

---

[1] Government's Response to Motion for Conditional Release from Confinement under 18 U.S.C. § 4247(h), Exh. 1 [Docket No. 14].  Judgment in a Criminal Case.

the petition was held on May 5, 2005. The magistrate judge thereafter issued a report and recommendation[2] in which the court made a determination that the respondent was suffering from a disease or defect for which treatment and hospitalization was required and that FMC-Rochester was an appropriate facility for such treatment. The district court adopted the report and recommendation and granted the petition by Order dated May 13, 2005.[3] Respondent now moves pursuant to 18 U.S.C. § 4247(h) for conditional release from confinement, and placement on probation, based upon his contention that more than 180 days have passed since his commitment, he has attended and completed group therapy, he works with the institution and respects the authority of staff members, and he has had no incident reports for more than one year. The United States opposes the motion for conditional relief, asserting the cited statute does not authorize release of a committed inmate from his term of incarceration.

The government's position on this motion is well-taken. 18 U.S.C. § 4247(h) provides a means for seeking discharge from hospitalization following commitment under 18 U.S.C. § 4245. The statute does not authorize the relief from the sentencing judgment that is requested in this motion. As asserted by petitioner, only the sentencing court or an appellate court has jurisdiction to alter the term of respondent's sentence, and even then, the relief would not be available under 18 U.S.C. § 4247(h). See Archuleta v. Hedrick, 365 F.3d 644 (8th Cir. 2004). The court is not authorized to grant respondent's motion for conditional release from confinement under the circumstances of this case.

---

[2] Government's Response to Motion for Conditional Release from Confinement under 18 U.S.C. § 4247(h), Exh. 3. Also found at [Docket No. 9].

[3] Id. Also found at [Docket No. 10].

2

## RECOMMENDATION

Based upon the foregoing discussion, the Magistrate Judge **hereby recommends** that respondent Giuseppe Gallara's Motion for a Conditional Release from Confinement pursuant to Title 18 U.S.C. § 4247(h) be **denied**  [Docket No. 13].

Dated:   January 12, 2007

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before January 31, 2007.